ANNIE LINDSAY

*v.*.

WILLIAM LINDSAY.

The petitioner applied for a divorce *a vinculo*, on the ground that at the time the defendant married her, he had another wife living. After such marriage he was convicted of polygamy on his own admissions, and sentenced therefor. Those admissions were that he had been married to a woman in Scotland, but that she was hopelessly insane at the time of his second marriage to a woman in New York, and that both of his wives were still living when he married the petitioner. He also made similar statements while he was in prison under the criminal sentence.—*Held*, that his admissions were plenary evidence of his having another wife living at the time of his marriage to the petitioner; for, if they were evidence of the nullity of his second marriage because his first wife was then living, and therefore such second marriage was void, there is also the presumption that his first wife is still living, and therefore the petitioner is entitled to a divorce. But if such first marriage be not established by those admissions, then his second marriage is lawful, and petitioner may, on that ground, obtain a divorce.

---

Petition for divorce *a vinculo matrimonii*. On final hearing on petition and depositions.

*Mr. E. M. Colie*, for petitioner.

THE CHANCELLOR.

The petition is filed for a divorce, on the ground that the defendant, at the time of his marriage to the petitioner, had another wife living. The marriage of the parties to this suit is proved. It took place July 1st, 1883, at Avondale, in Essex county, in this state. It is proved that the defendant was mar-

ried January 19th, 1882, at Brooklyn, in the state of New York, to Maggie McKennett. Also that, a very few days after his marriage to her, he told her that he had, when that marriage took place, and still had, a wife living, by whom he had had four children, but that only three of them were then living, and that his first wife was hopelessly insane. Subsequently to his marriage to the petitioner he was convicted of polygamy, in the Essex special sessions, and sentenced to imprisonment in the state prison. While in the prison he admitted that his first wife was Mary Murray, and that she was in Scotland, and that Maggie McKennett was his second wife, and that he married the petitioner. He was convicted of polygamy upon his own confession. The only evidence of his marriage to the wife in Scotland is his statements and admissions of the fact. They were made under such circumstances as to entitle them to weight. They are to the effect that when he married Maggie McKennett he had a lawful wife living in Scotland. They are evidence that he was lawfully married to Mary Murray, and that she was still living when the marriage to Maggie McKennett took place. Nor is there any evidence that she was dead when he married the petitioner. On the contrary, he stated in the prison (after he married the petitioner) that she was still living. If his marriage to Mary Murray is not proved by his statements and admissions, then the marriage to Maggie McKennett must be held to be lawful, and it follows that the marriage to the petitioner is a nullity. If it be held that the marriage to Mary Murray is duly proved, the presumption of life—that she was still living when he married Maggie McKennett—and his statements that she was then living forbid the application of the presumption of innocence. They establish his guilt.

. But, further, the petitioner's claim to a divorce is not to be defeated by mere presumption against the validity of the marriage to Maggie McKennett. This is not a suit to nullify that marriage. Our statute provides that a " divorce from the bond of marriage shall be granted where either of the parties had another wife or husband living at the time of such second or other marriage." In a suit for divorce for that cause, if the

petitioner shows that there was a former marriage between the defendant and another person than the petitioner, and that it and the relation of husband and wife between the parties thereto were still subsisting at the time of the marriage of the petitioner to the defendant, the presumption is in favor of the validity of the first marriage, and it is for the defendant to show that it was a nullity. In this case, in the absence of the defendant's statements and admissions, the presumption would be that the marriage to Maggie McKennett was valid. The doubt upon it is cast by those statements and admissions. If they are sufficient to lead to the judicial conclusion that it was a nullity, they, at the same time, establish the validity of the marriage to Mary Murray, and the fact that she was alive when the marriage to the petitioner took place, and that she was still his lawful wife.

There will be a decree for divorce.